**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

and

**Ed B. Randolph, Plaintiff-Intervenor,**

v.

**CHICAGO MINIATURE LAMP WORKS, Defendant.**

**No. 79 C 2362.**

United States District Court, N.D. Illinois, E.D.

April 18, 1986.

See also, D.C., 640 F.Supp. 1291.

John C. Hendrickson, Margaret Lee Herbert, Daniel Preciado, Chicago, Ill., for plaintiff EEOC.

Claudia Oney, Chicago, Ill., for plaintiff-intervenor.

Jerold S. Solovy, William D. Snapp, Julia Martin, Michael T. Brody, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's October 30, 1985 findings of fact and conclusions of law (the "Opinion," 622 F.Supp. 1281) found Chicago Miniature Lamp Works ("Chicago Miniature") had systematically discriminated against blacks over an extended period of years in recruitment and hiring for its entry-level factory jobs—discrimination manifested in part by an incredibly low percentage of blacks in the factory work force, totally inexplicable except in race-discriminatory terms. At the same time the Opinion (622 F.Supp. at 1303–05, 1311–13) found Ed Randolph ("Randolph"), a black whose complaint of individual discrimination had originally triggered the entire Equal Employment Opportunity Commission ("EEOC") investigation, had not himself been the victim of such discrimination when Chicago Miniature had failed to promote him. Both sets of findings and conclusions followed an extended bench trial.

Because the issue of relief for the class plaintiffs (represented by EEOC) still lay ahead, the Opinion was not a final order. Randolph, whose individual claim *had* been finally adjudicated, has asked for a Fed.R. Civ.P. ("Rule") 54(b) determination to provide finality—and hence appealability—to that adjudication. Chicago Miniature resists that motion.

What Chicago Miniature states as its reason is that it does not want review of the Randolph decision in the context of this Court's unreviewed adverse decision, reflecting race-discriminatory motivation, in

the class action. But that factor can of course cut both ways. On appeal, this Court's finding that Chicago Miniature's employment decisions adverse to Randolph were *not* race-motivated could well be viewed as effectively fortified by the contemporaneously-entered strongly unfavorable findings as to Chicago Miniature's discriminatory entry-level hiring patterns. Chicago Miniature's victory as to Randolph, in the face of a determination of its race discrimination elsewhere, might be perceived as having overcome a greater hurdle and hence being more credible.

That speculative reading need not, though, be resolved here (as it necessarily cannot be). Even if taken at face value (a doubtful proposition in itself), Chicago Miniature's asserted reasons for delaying Randolph are only makeweight in comparison with the factors that compel a Rule 54(b) determination. On the major front of classwide discrimination, Chicago Miniature continues to fight a war of attrition. It is now urging the need for individualized hearings and determinations at the remedial stage—hearings that would extend this already-seven-year-old case for another two to three years. Even on EEOC's more simplified proposed approach to that issue, the road ahead in the class action will be a long one. There is no reason at all that Randolph, whose claim was a totally discrete one (he was not an entry-level employee, having been hired as a programmer analyst and having charged he was the victim of a race-discriminatory non-promotion to the positions of Systems Manager and later Data Processing Manager), should be held hostage while the wholly unrelated entry-level lawsuit wends its way to a close.

*National Metalcrafters v. McNeil,* 784 F.2d 817, 820–21 (7th Cir.1986) also dealt with the disposition of separate claims involving fewer than all the parties. And though our Court of Appeals there considered the obverse situation from that involved here (the separate party had won, not lost), the *National Metalcrafters* analysis compels the conclusion that this Court's decision to apply Rule 54(b) here is the correct one. And see *Dimmitt & Owens Financial, Inc. v. United States,* 787 F.2d 1186, 1189 (7th Cir.1986) (holding "[a] Rule 54(b) order would have been proper" in a situation parallel to that in this case).

Chicago Miniature seeks to invoke *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), certainly the definitive word on the general principles underlying Rule 54(b) determinations. But the only new ground plowed in *Curtiss-Wright* focused primarily on the role of the Court of Appeals in reviewing the District Judge's exercise of discretion (*id.* at 9–11, 100 S.Ct. at 1465–67). As to the role of the District Judge, the Supreme Court looked primarily to its now-30-year-old decision in *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956), in light of which the Court exercised its own discretion against overinvolvement of its appellate function (446 U.S. at 10–11, 100 S.Ct. at 1465–67):

> Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely. That is implicit in commending them to the sound discretion of a district court. Because this discretion "is, with good reason, vested by the rule primarily" in the district courts, *Sears, supra,* at 437 [76 S.Ct. at 900–01], and because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow.

In terms of its general guidelines for the trial court, *Curtiss-Wright* said this (*id.* at 8, 100 S.Ct. at 1465):

> It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

Those are not the only relevant factors, but they are more than satisfied here. No factors point the other way. Indeed the

fact that, unlike *Curtiss-Wright,* the Randolph claim here involves a wholly separate party from the adversaries in the ongoing litigation makes this an a fortiori case—a point supported by *National Metalcrafters* and *Dimmitt & Owens.*

Accordingly this Court expressly determines that there is no just reason for delay as to the finality of its decision dismissing Randolph's action on the merits. It expressly directs the entry of a final judgment that Randolph take nothing, that his action be dismissed on the merits, and that Chicago Miniature recover of Randolph its costs of action (limited of course to those incremental costs that would not have been incurred but for Randolph's claim).